UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL LEE SIMS, | ) | Case No. CV 11-1978 RGK (JCG) |
| Plaintiff, | ) | |
| v. | ) | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| CDCR (LAC) LT. CAMPBELL, *et al.*, | ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint ("FAC"), the Magistrate Judge's Report and Recommendation, Plaintiff's Objections to the Report and Recommendation ("Objections"), and the remaining record, and has made a *de novo* determination.

The Objections do *not* challenge the Magistrate Judge's findings that: (1) Plaintiff received the November 23, 2010 denial of a 602 appeal ("602") complaining about the December 24, 2009 incident; and (2) Plaintiff failed to appeal from that denial. (*See* R&R at 4.) Instead, Plaintiff argues that the November 23, 2010 denial should not be considered by the Court because "prison staff" – and not Plaintiff – "produced and submitted" the 602 upon which the denial was based. (Obj. at 3.) In support, Plaintiff alleges that the subject 602 was

1

not "filled out, written on, signed, or dated by Plaintiff." (*Id*.) The Court rejects Plaintiff's argument for three reasons.

First, Plaintiff is evidently mistaken about the 602 that was rejected by the November 23, 2010 denial and considered by the Magistrate Judge. That 602, which is attached to the Declaration of P. Shank (Chief Support Executive at California State Prison – Los Angeles County), appears to have been filled out, signed, and dated by Plaintiff. (*See* P. Shank Dec., ¶ 9(a), Exh. A at 3-5.)

Second, Plaintiff's argument is nonsensical. The Court fails to see why prison staff would, in an effort to prevent Plaintiff from exhausting: (1) submit a 602 on behalf of Plaintiff; (2) deny that same 602; and then (3) send that denial to Plaintiff with instructions to "request[] a Second Level Review" "[i]f dissatisfied." (*See* P. Shank Dec., ¶ 9(a), Exh. A at 2.)

Third, the Court notes that this is the *first time* that Plaintiff makes the argument that he did not submit the subject 602. Given that Plaintiff has previously provided detailed accounts of his efforts to exhaust, the Court finds it difficult to believe that Plaintiff would have left this allegation out, if true. (*See* FAC, Exhs. A1-A13; *see also* Plaintiff's Opp. to Mot. to Dismiss at 2-6, Exhs. D-E.)

Consequently, the Court is not persuaded that this was a situation where "administrative procedures were unavailable ...." *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008). Plaintiff has not satisfied his obligation to exhaust all available remedies. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'")

///
///
///

2

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted.
2. Judgment be entered dismissing this action without prejudice.
3. The Clerk serve copies of this Order and the Judgment on the parties.

DATED: July 10, 2012

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE